## Stovall Estate

*A. E. McCollough,* for Commonwealth.

BOWMAN, P. J., July 18, 1956.—James Stovall, also known as J. W. Stovall, died intestate August 11, 1949. On December 13, 1955, the Register of Wills of Lancaster County granted letters of administration to Maxwell S. Michael, an employe of the Department of Public Assistance of the Commonwealth of Pennsylvania.

We now have before us the petition of the administrator praying that he be authorized to sell the real estate of which decedent died seized (situate in Fulton Township, Lancaster County) for the payment of decedent's debts.

It is averred in the petition that decedent's personal property as disclosed by an inventory filed is of the value of $50, and that the value of the real estate is $1,500, with a rental value of $15 per month.

As the basis for the sale of the real estate, the petition lists as a debt of decedent his indebtedness to

the Department of Public Assistance in the amount of $5,851.56 and estimated administration expenses of $300. It is set forth in the petition that the claim of the Commonwealth is secured by judgments entered in the office of the Prothonotary of the Court of Common Pleas of Lancaster County as follows:

"DPA 3—Rec. 5/5/39, #163—4/39 v. Stovall, James H. and Mary I. Rev. 3/24/44 #191 1/44, Rev. 11/18/47 #112 11/47, Rev. 2/3/54 #246 1954 v. Heirs.

"DPA 9—Rec. 5/7/48, #198 4/48 v. Stovall, J. W. Rev. 2/3/54 #245 1954 v. Heirs.

"DPA 9—Rec. 8/31/49, #1228 49 v. Stovall, Lettie J. Rev. 2/3/54 #247 1954."

Since decedent died prior to the effective date of the Fiduciaries Act of April 18, 1949, P. L. 512, the jurisdiction of the orphans' court to direct a sale for the purpose stated in the petition must be found within the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, and its amendments and supplements. And if the claim of the Commonwealth and the expenses of administration are not liens against the real estate within the provisions of that act, this court has no jurisdiction to order or direct a sale.

Section 15(a) of the 1917 Fiduciaries Act provides that no debts of a decedent, including costs of administration and funeral expenses, shall "remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent, and such action shall be indexed, within said period, against the decedent and such executor or administrator, in the judgment index in the county in which such action is brought. . . ."

In the instant matter the costs of administration

have lost their lien because no action for the recovery thereof was brought or indexed within one year after the death of this decedent.

As to the judgments of the Department of Public Assistance, section 15(g) of the Fiduciaries Act of 1917 regulates the method and manner of the revival of judgments which were liens at the time of death of a decedent. This section provides that judgments which at the time of the death of a decedent are liens on real estate owned by him shall continue to bind such real estate during the term of five years from his death. And, "after the expiration of such term, such judgments shall not continue liens on the real estate of such decedent, unless revived by scire facias, or otherwise, according to the laws regulating the revival of judgments. . . . and, for the purpose of any such revival, the writ of scire facias may be issued in the name of such decedent, with the same force and effect as if it were issued in the name of his executors, administrators, or legal representatives; but, before any judgment shall be entered thereon, the legal representatives shall be made parties defendant, and a scire facias shall be served on such legal representatives".

It is obvious that the judgments of the Department of Public Assistance, Commonwealth of Pennsylvania, have not been revived as the act requires, no personal representative and administratrix having been made a party to the revival or the record in the court of common pleas.

This same question is covered in the well considered opinion of President Judge Troutman in Straub Estate, 74 D. & C. 77. In that case a judgment held by the Department of Public Assistance was revived against the heirs alone. It was held that the lien of the judgment against the estate of the decedent was lost, and there was no power or jurisdiction in the

orphans' court to order or direct a sale for the payment of debts. We agree with his conclusions. The fact that in the instant case no administration was raised until December 13, 1955, will not help the petitioner, since the statutory limitation runs from the death and not from the grant of letters of administration. See Demmy's Appeal, 43 Pa. 155. As against this decedent's estate there are no liens set forth in the petition which will support a sale for the payment of debts.

For the foregoing reasons the court enters the following

### Decree

And now, July 18, 1956, the petition for order of the sale of real estate of James Stovall, also known as J. W. Stovall, for the payment of debts is refused.